UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE DARNELL BOYD, #254824,

        Petitioner,

                                      Case No. 18-cv-11593
v.                                  Hon. Matthew F. Leitman

RANDEE REWUERTS,

        Respondent.

_____/

**OPINION AND ORDER (1) DENYING PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING PETITIONER'S MOTION FOR BOND (ECF No. 8), (3) DENYING A CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Mike Darnell Boyd is a state prisoner in the custody of the Michigan Department of Corrections. In 2016, Boyd pleaded no contest to conspiracy to commit first-degree home invasion, MICH. COMP. LAWS § 750.110(a)(2), felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and two counts of possession of firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, in the Oakland County Circuit Court. The state trial court then sentenced Boyd, as a third habitual offender, MICH. COMP. LAWS § 769.11, to 6 to 40 years imprisonment on the conspiracy conviction, a concurrent term of 1 to 10 years imprisonment on the felon in possession conviction, and 2 years imprisonment on each of the felony firearm convictions to be served concurrently to each other, but consecutively to the other sentences.

1

On May 21, 2018, Boyd filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1.)  Boyd has also filed a motion for bond. (*See* Mot., ECF No. 8.)  In the petition, Boyd asserts that the state trial court based his sentence upon inaccurate information.  He also maintains that the trial court improperly relied upon on un-counseled conviction when it imposed his sentence. Finally, Boyd says that his trial counsel was ineffective for failing to object to the trial court's use of the un-counseled conviction.

The Court has carefully reviewed Boyd's petition and his motion for bond, and it concludes that he is not entitled to relief.  Accordingly, for the reasons stated below, the Court **DENIES** the petition and the motion for bond.

**I**

Boyd's conviction arises from a conspiracy to rob a medical marijuana caregiver at the caregiver's home in October 2015.  The police were alerted to the planned robbery, and Boyd was arrested.  On August 25, 2016, Boyd pleaded no contest to the above-described offenses in exchange for the prosecution's dismissal of a second offense enhancement on the felony firearm charges (which reduced those sentences from 5 years to 2 years imprisonment) and an agreement that he be sentenced within the applicable sentencing guideline range.

On September 30, 2016, the state trial court conducted a sentencing hearing. Pursuant to the terms of Boyd's plea agreement, it sentenced Boyd within the applicable guideline range.  When the court sentenced Boyd, it assessed Boyd 5 points under the

2

state sentencing guidelines for Offense Variable 1 (weapon displayed or implied), 10

points for Offense Variable 9 (number of victims), 1 point for Offense Variable 12

(contemporaneous felonious activity), and 10 points for Offense Variable 19

(interference with the administration of justice).  The court also assessed Boyd 5 points

for Prior Record Variable 5 (prior misdemeanor convictions or prior misdemeanor

juvenile adjudications).

Following sentencing, Boyd filed a delayed application for leave to appeal in the

Michigan Court of Appeals.  In that application, he raised the same claims that he now

presents on federal habeas review.  The Michigan Court of Appeals denied the

application for lack of merit.  *See People v. Boyd*, No. 337983 (Mich. Ct. App. May 31,

2017) (unpublished).  Boyd then filed an application for leave to appeal in the Michigan

Supreme Court.  That court denied the application "because [it was] not persuaded that

the questions presented should be reviewed." *People v. Boyd*, 903 N.W.2d 591 (Mich.

2017).

On May 21, 2018, Boyd filed his petition for a writ of habeas corpus in this

Court. (*See* Pet., ECF No. 1.)  In the petition, Boyd raises the following claims:

> I.    He was sentenced on the basis of inaccurate
> information and in violation of his right to due process where
> Offense Variables 1, 9, 12, and 19 were incorrectly scored;
> therefore resentencing is required.
>
> II.   Due process requires resentencing where one of his
> prior convictions was obtained without counsel or a valid
> waiver; and defense counsel was constitutionally ineffective
> in failing to object at sentencing to consideration of that

conviction to either score Prior Record Variable 5 of the
sentencing guidelines or determine his sentence.

(*Id.*)

### III

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Boyd filed
his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336
(1997). AEDPA requires federal courts to uphold state court adjudications on the merits
unless the state court's decision (1) "was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the Supreme Court of
the United States," or (2) "was based on an unreasonable determination of the facts in
light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).
"The question under AEDPA is not whether a federal court believes the state court's
determination was incorrect but whether that determination was unreasonable – a
substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

### IV

### A

Boyd first asserts that he is entitled to federal habeas relief because the state trial
court sentenced him based on inaccurate information. More specifically, Boyd says
that the trial court erred when it scored Offense Variables 1, 9, 12, and 19 of the state
sentencing guidelines.

Boyd raised this claim on direct appeal.  The Michigan Court of Appeals denied

leave to appeal for lack of merit and the Michigan Supreme Court denied leave because

it was not persuaded that the questions presented were worthy of review.

Boyd has not shown that the state court rulings were contrary to, or an

unreasonable application of, clearly established federal law.  The Supreme Court has

found a due process violation where a sentence was "prounuce[ed] … on a foundation

so extensively and materially false, which the prisoner had no opportunity to correct."

*Townsend v. Burke*, 334 U.S. 736, 740-41 (1948).  But here, Boyd does not specifically

identify any inaccurate information that the state trial court allegedly relied upon with

respect to the sentencing guidelines.  Instead, he takes issue with how the state court

*applied* the guidelines to the facts of his case.  But such a claim is not cognizable on

federal habeas review.  Indeed, "[a] state court's alleged misinterpretation of state

sentencing guidelines and crediting statutes is a matter of state concern only." *Howard*

*v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003). And "federal habeas corpus relief does

not lie for errors of state law." *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

Boyd has therefore failed to show that he is entitled to federal habeas relief on this

claim. *See Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, at *2 (6th Cir. Nov. 19,

1993) (holding that a departure from state sentencing guidelines is a state law issue not

cognizable on federal habeas review); *McPhail v. Renico*, 412 F.Supp.2d 647, 656 (E.D.

Mich. 2006) ("The petitioner's argument that the state court erred in scoring his

sentencing guidelines [was] based solely on state law" and therefore was "not cognizable on federal habeas corpus review").

### B

Boyd next asserts that he is entitled to federal habeas relief because the state trial court sentenced him based in part on his 2012 misdemeanor conviction for assault or assault and battery. Boyd says that the trial court should have not have considered that conviction when crafting his sentence because he was not represented by counsel when that conviction was entered. Thus, Boyd insists that the trial court violated his constitutional rights when it considered this "un-counseled" conviction during sentencing.

Boyd raised this claim on direct appeal. The Michigan Court of Appeals denied leave to appeal for lack of merit and the Michigan Supreme Court denied leave because it was not persuaded that the questions presented were worthy of review.

Boyd has not shown that the state court rulings were contrary to, or an unreasonable application of, clearly established federal law. Simply put, Boyd has not presented sufficient evidence that his 2012 assault conviction was obtained without counsel or without a valid waiver of counsel. As to the lack of counsel, the only evidence that Boyd presents is a Michigan Department of Corrections' Presentence Investigation Report. (*See* Pet., ECF No. 1, PageID.33.) In a section of that report labeled "Attorney Present," the author listed the attorney as "unknown." (*Id.*) That is not evidence that Boyd lacked an attorney; at most it establishes that the author of the

report was unaware of whether Boyd had counsel or who that counsel was.  With respect to whether Boyd waived his right to counsel, the only evidence that Boyd presents is his brief on direct appeal in which his appellate counsel stated that "[p]robation and the prosecution were unable to confirm whether [Boyd] had waived counsel."   (*Id.*, PageID.28.)  But, again, that is not affirmative evidence that Boyd did not waive his right to counsel.  It states only that Boyd's appellate counsel was "unable to confirm" whether Boyd did or did not waive his right to counsel.  Consequently, on the current record, it is unclear whether Boyd was represented by counsel or whether he waived counsel at the time of his plea.  It was Boyd's burden to show both that he was without counsel at the time of his plea and that the presence of counsel was not validly waived. *See Hobson v. Robinson*, 27 F. App'x 443, 445 (6th Cir. 2001) (citing *Parke v. Raley*, 506 U.S. 20, 28-34 (1992)); *See also Black v. Carpenter*, 866 F.3d 340, 734, 744 (6th Cir. 2017) ("We are also mindful that in a habeas proceeding the petitioner 'has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation.'").  Boyd has not satisfied that burden.  Accordingly, Boyd has not shown that he is entitled to federal habeas relief on this claim

Moreover, even if Boyd had shown that he did not have counsel and did not validly waive his right to counsel, he still has not established that he is entitled to federal habeas relief on this claim.  A criminal defendant charged with a misdemeanor does not have a constitutional right to counsel when a sentence of imprisonment is not imposed. *See Scott v. Illinois*, 440 U.S. 367, 373 (1979).  And the United States Supreme Court

has held that a sentencing judge may rely on a prior uncounseled misdemeanor conviction to enhance a defendant's sentence on a subsequent offense so long as the defendant was not imprisoned for that prior misdemeanor conviction. *See Nichols v. United States*, 511 U.S. 738, 748-49 (1994). Here, Boyd has not presented any evidence that he was imprisoned for his prior misdemeanor conviction. And a document attached to his petition – the Michigan Department of Corrections' Presentence Investigation Report – appears to indicate that Boyd's only punishment was to pay $100 in restitution. (*See* ECF No. 1, PageID.33.) Thus, in light of *Nichols, supra*, Boyd has not shown that the trial court violated his constitutional rights when it relied upon that prior conviction imposing his sentence.

For all of these reasons, Boyd is not entitled to federal habeas relief on this claim.

## C

Finally, Boyd argues that his trial counsel was ineffective when counsel failed to object to the state trial court's reliance upon the alleged uncounseled conviction described above at the time of sentencing. But, for all of the reasons explained above, Boyd has failed to show that the trial court erred when it relied upon that conviction. And counsel is not ineffective for failing to make a futile or meritless objection. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Boyd has therefore not shown that he is entitled to federal habeas relief on his ineffective assistance claim.

## V

For all of the reasons stated above, Boyd is not entitled to federal habeas relief. The Court therefore **DENIES** his petition (ECF No. 1.)   In addition, because Boyd is not entitled to habeas relief, he is not entitled to bond.  Thus, the Court also **DENIES** Boyd's motion for bond (ECF No. 8).

Before Boyd may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Boyd has failed to make a substantial showing of the denial of a constitutional right.  The Court therefore **DENIES** Boyd a certificate of appealability.  The Court **DENIES** Boyd leave to proceed *in forma pauperis* on appeal because an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

   **IT IS SO ORDERED.**

                                                  s/Matthew F. Leitman
                                                  MATTHEW F. LEITMAN
Dated:  July 23, 2020                UNITED STATES DISTRICT JUDGE

9

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 23, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764